IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES TALBERT, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : |
| | : |
| CHOICE HOTELS, et al., | : NO. 15-3231 |
| | : |
| Defendants. | : |

## MEMORANDUM

**STENGEL, J.**                                                             **May 4, 2016**

*Pro se* plaintiff, Charles Talbert, filed the above-captioned action against Choice Hotels, Rodeway Inn, Bhazin Patel, an unknown Rodeway Inn employee, the City of Philadelphia and two unknown police officers alleging a violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986.  Defendant Choice Hotels, Rodeway Inn, Bhazin Patel, and an unknown Rodeway Inn employee have been terminated from the case by a stipulation of dismissal.  The City of Philadelphia filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on December 1, 2015.  Mr. Talbert filed a response in opposition on December 15, 2015.  For the reasons discussed below, I am granting the City of Philadelphia's motion to dismiss.

**I.    BACKGROUND**

On June 18, 2015, Mr. Talbert filed a complaint alleging a violation of § 1981, § 1983, § 1985 and § 1986.  According to the complaint, on February 12, 2014, Mr. Talbert paid to stay at the Rodeway Inn for four nights.  Pl.'s Compl. ¶ 9.  During the late hours of February 12th, Mr. Talbert heard his room door being tampered with.  Id. at ¶ 10.  Mr. Talbert then went down to the front desk in order to ask the Rodeway Inn employee at the front desk to play the security footage of the hallway outside of his room.  Id. at ¶ 11.  The front desk employee told Mr. Talbert that all of the security monitors were working except for the one outside of Mr. Talbert's room.  Id. at ¶ 12.  Mr. Talbert then called the police to help him investigate the matter.  Id. at ¶ 13.  Two police officers from the Sixth District in Philadelphia arrived in response to Mr. Talbert's call.  Id. at ¶ 15.  After speaking with Mr. Talbert about the incident at his door, one of the police officers explained to Mr. Talbert that the Rodeway Inn employee had asked for Mr. Talbert to leave the Rodeway Inn premises.  Id. at ¶¶ 17-19.  Although Mr. Talbert explained that he had already paid for four nights at the Rodeway Inn, the police officers threatened to jail Mr. Talbert for trespassing.  Id. at ¶¶ 20-21.  The Rodeway Inn employee refused to refund Mr. Talbert the money he paid for the four nights and the police officers refused to allow Mr. Talbert back into his room in order to gather his belongings.  Id. at ¶¶ 21-22.

As Mr. Talbert was leaving the Rodeway Inn premises, the police officers detained Mr. Talbert and searched him, finding a pocketknife.  Id. at ¶¶ 26-27.  Upon finding the pocketknife, the police officers arrested Mr. Talbert and brought him back to the Sixth

District police station. Id. Mr. Talbert was kept at the police station for some time and then was given his pocketknife back and released from the police station. Id. at ¶¶ 28-29. Mr. Talbert then walked to the Marriott where he rented another room for the night. Id. at ¶ 29. The following morning Mr. Talbert returned to the Rodeway Inn in an attempt to collect his belongings that were left there the prior night, but the owner of the Rodeway Inn called the police and Mr. Talbert left the premises. Id. at ¶¶ 32-33.

## II.     STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When presented with a motion to dismiss for failure to state a claim under Rule 12(b)(6), district courts should conduct a two-part analysis. Fowler, 578 F.3d at 210. First, the court must separate the factual and legal elements of the claim. Id. The court

"must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. Second, the court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim of relief." Id. (citing Iqbal, 556 U.S. at 678).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief." Iqbal, 556 U.S. at 677-78. While Federal Rule of Civil Procedure 8(a)(2) does not require the plaintiff to plead detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678. In other words, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Moreover, a pleading is not sufficient if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. However, a *pro se* complaint must be liberally construed and held to a less stringent standard than formal pleadings. Estelle v. Gamble, 429 U.S. 97, 107 (1976). A *pro se* action "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Jubilee v. Horn, 959 F.Supp. 276, 279 (E.D. Pa. 1997)(quoting Estelle, 429 U.S. at 107).

### III. DISCUSSION

The City of Philadelphia moves to dismiss Mr. Talbert's § 1981, § 1983, § 1985 and § 1986 claims arguing that Mr. Talbert's complaint contains only vague and conclusory allegations which lack sufficient factual support. According to the City of

Philadelphia, Mr. Talbert's formulaic recitations are insufficient to meet even the liberal *pro se* pleading standards for demonstrating a plausible claim to relief.

    A.    <u>**Section 1981 Claims**</u>

42 U.S.C. § 1981 provides in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .

This language prohibits racial discrimination in the enumerated activities including the making and enforcement of contracts. The Third Circuit has also found that "Section 1981 may ground a claim for improperly race-motivated law enforcement by a state government official." <u>Watson v. Witmer</u>, No. 15-1349, 2016 WL 1623998, *6 (M.D. Pa. Apr. 25, 2016)(citing <u>Mahone v. Waddle</u>, 564 F.2d 1018, 1027-28 (3d Cir. 1977)). To establish a claim under § 1981, the plaintiff must set forth sufficient factual allegations demonstrating that (1) the plaintiff is a member of a racial minority, (2) an intent to discriminate on the basis of race by the defendants, and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts. <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 797 (3d Cir. 2001).

Mr. Talbert pleads his § 1981 claim by stating "[d]uring all times and as a result of the above, plaintiff had made a legal contract with Choice, Rodeway, Bhazin and Employee and had equal rights as others similarly situated therein, to enforce that

contract and enjoy all benefits, privileges, terms and conditions of the contractual relationship. However, Choice, Rodeway, Bhazin and Employee worked in a malicious, careless, sadistic and underhanded manner with the City and Officers to deprive Plaintiff of his equal rights, benefits, privileges, terms and conditions to their contractual relationship. Pl.'s Compl. ¶¶ 37-38. I find that these allegations are not sufficient to establish a cause of action under § 1981 against the City of Philadelphia. Mr. Talbert's complaint is entirely devoid of any factual allegations demonstrating a causal connection between the City of Philadelphia's conduct and Mr. Talbert's injury. There are no factual allegations indicating that the City of Philadelphia violated Mr. Talbert's right to make and enforce a contract because of Mr. Talbert's status as a racial minority. Given the lack of factual support, Mr. Talbert's allegation is simply a bare assertion that he suffered harm at the hands of the City of Philadelphia which is not sufficient to state a plausible claim for relief under Rule 8(a). Even taking into account the liberal pleading standard for *pro se* plaintiffs, I find that Mr. Talbert's § 1981 claim is merely a formulaic recitation of the elements of a cause of action under § 1981 and thus, is insufficient as a matter of law. I will grant the City of Philadelphia's motion to dismiss on this claim.

      B.      **Section 1983 Claims**

42 U.S.C. § 1983 permits a private party to recover in an action against any person acting under the color of state law who deprives the party of his or her constitutional rights. 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), the Supreme Court concluded that "municipalities and other local governmental bodies are 'persons' within the meaning of § 1983." Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997)(citing Monell, 436 U.S. at 689). However, Monell specifically prohibits holding a municipal or state actor liable under a *respondeat superior* theory. Joseph v. Safehaven CEC, No. 14-3940, 2016 WL 693293, *5 (E.D. Pa. Feb. 22, 2016)("[A] city, municipality or private entity that is a state actor may not be held vicariously liable under § 1983 for the actions of its agents because there is no *respondeat superior* theory of municipal liability")(citations omitted). Rather, Monell requires a plaintiff seeking to establish municipal liability under 42 U.S.C. § 1983 to demonstrate that the municipality caused the underlying constitutional violation through the implementation and enforcement of a policy or custom. Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996)("When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom.") "Policy is made 'when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official

proclamation, policy, or edict." Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990)(citing Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). The plaintiff is also required to demonstrate a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).

Mr. Talbert's Monell claim is alleged in the following manner: "Defendants, the City and Officers have implemented a policy, practic and or [sic] custom of detaining and searching any individual without probable cause or reasonable suspicion of criminal conduct as required by the fourth [sic] Amendment." Pl.'s Compl. ¶ 42. Mr. Talbert furthers his Monell claim by stating that as he was leaving the Rodeway Inn, "Officers approached [him], unlawfully seized him and then unlawfully began to search [him] . . . ." Id. at ¶ 26. Mr. Talbert makes no other allegations to support his Monell claim against the City of Philadelphia.

Mr. Talbert's Monell claim fails to set forth sufficient factual allegations demonstrating that he has a plausible claim to relief. Simply stated, Mr. Talbert's Monell claim is fatally threadbare and consists of nothing more than formulaic recitations and conclusory statements. Mr. Talbert is required to advance more than a mere assertion that he is entitled to relief. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231-32 (3d Cir.

2008)("Rule 8 requires a "showing," rather than a blanket assertion, of entitlement to relief.")(citations omitted). Also fatal to his Monell claim is the fact that Mr. Talbert fails to allege conduct by a municipal decisionmaker. McTernan v. City of York, PA, 564 F.3d 636, 658-59 (3d Cir. 2009)(holding that a failure to adequately plead a link between the challenged policy or custom and a municipal decisionmaker was fatal to the plaintiff's complaint."); Andrews, 895 F.2d at 1480 ("[I]t is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom."). Mr. Talbert's complaint contains no allegations to suggest that a municipal decisionmaker was responsible for or acquiesced in the policy or custom which Mr. Talbert claims caused his injury. Nor do the allegations indirectly support such an inference. In sum, I find that Mr. Talbert has not set forth sufficient factual allegations plausibly demonstrating that the City of Philadelphia is liable for his injuries under Monell. Therefore, I will grant the defendant's motion to dismiss on this claim.

    **C.**     **Section 1985 Claims**

Mr. Talbert also alleges that the City of Philadelphia conspired to violate his constitutional rights in violation of 42 U.S.C. § 1985 and 42 U.S.C. § 1986. To make out a claim under § 1985, a plaintiff must establish:

> (1) A conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

United Bhd. of Carpenters & Joiners Local 610 v. Scott, 463 U.S. 825, 828-29 (1983).

42 U.S.C. § 1986 is a companion statute to § 1985 and provides in relevant part:

> Every person, who having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be omitted, shall be liable to the party injured.

"[I]f a plaintiff does not set forth a cause of action under § 1985, his claim under § 1986 necessarily fails as well, because 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985.'" McCauley v. Computer Aid Inc., 447 F. Supp. 2d 469, 476 (E.D. Pa. 2006)(quoting Robison v. Canterbury Village, Inc., 848 F.2d 424, 431 n. 10 (3d Cir. 1988)).

Mr. Talbert formulates his § 1985 claim by stating that: "Defendants, Choice, Rodeway, Bhazin, Employee, the City and Officers all conspired together for the purpose impeding, hindering, and obstructing the due course of justice with intent to deny Plaintiff the equal protections of the law," and "Defendants, Choice, Rodeway, Bhazin, Employee, the City and Officers all conspired together by preventing by force, intimidation and threatening Plaintiff from acquiring his personal valuable property and U.S. currency by means of fraud and extortion." Pl.'s Compl. ¶¶ 48-49. Furthermore, "Defendants, Choice, Rodeway, Bhazin, Employee, the City and Officers all together and individually had knowledge of the wrongs in which they all conspired together to be done

against Plaintiff, with power to prevent or aid in preventing the commission of the wrongs in which were done against Plaintiff." Id. at ¶ 52. Mr. Talbert does not provide any additional factual allegations to support these conclusory allegations that a conspiracy existed between the defendants. Mr. Talbert does not allege or provide factual support demonstrating that the defendants' conspiracy was motivated by a racial or class based discriminatory animus much less that it was "invidiously discriminatory." Mr. Talbert does not provide any factual allegations demonstrating that he was denied equal protection of law. Finally, Mr. Talbert fails to adequately plead that he was "injured in his person or property or deprived of a right or privilege as a United States Citizen." Given the lack of factual allegations in Mr. Talbert's complaint to support his § 1985, I find that Mr. Talbert's complaint does not meet the pleading requirements of Rule 8(a)(2). Mr. Talbert has failed to allege a plausible claim for relief and therefore, I will grant the defendant's motion to dismiss on his § 1985 and § 1986 claim.

## IV. CONCLUSION

Even under the less stringent standard afforded to *pro se* plaintiffs, I find that Mr. Talbert's complaint does not adequately plead a cause of action under § 1981, § 1983, § 1985 or §1986. Accordingly, I am granting the City of Philadelphia's motion to dismiss. However, Rule 15 of the Federal Rules of Civil procedure mandates that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, I will give Mr. Talbert thirty days to submit an amended complaint which corrects the aforementioned deficiencies.

An appropriate Order follows.